COLEMAN et al., Appellants, v. HICKS.

### Division One, November 12, 1900.

Ejectment: EQUITABLE DEFENSE: DEED OF TRUST: FORECLOSURE: TAX
SALE. In a suit in ejectment, the defendant set up that the land
was worth $2,000 and was sold for taxes for $6 for a year for which
the taxes had been paid, and that the land was bought at the tax
sale by the tax attorney and plaintiff purchased from him with no-
tice. Defendant afterwards gave a note to the purchaser at the tax
sale for $38, in consideration of a conveyance to him of the tax title,
and the evidence showed and the court found that the defendant had
given a deed of trust to secure the payment of this note, and that it
had been regularly foreclosed, the property conveyed to the bene-
ficiary, and by him conveyed to plaintiff, and on this chain of title
plaintiff relied solely at the trial. The tax deed was not an issue in
evidence. But the court annulled the tax deed, and deed of trust,
and gave plaintiff judgment for $35 and made it a lien on the land.
*Held*, that the note and the deed of trust being for a valuable con-
sideration, were valid, and plaintiff was entitled to recover, and the
decree of the court can not stand.

Appeal from Douglas Circuit Court.—*Hon. W. N. Evans,*
Judge.

REVERSED AND REMANDED (*with directions*).

*Wm. O. Mead* and *T. T. Loy* for appellants.

(1) The defendant seeks by answer and cross-bill to
defeat the legal title of plaintiffs, derived to them by mesne
conveyances from the defendant, the first being a deed of
trust to secure a note of $38 to Geo. B. Waters, and the sec-
ond a trustee's deed foreclosing such deed of trust to Geo. B.
Waters, and a deed from him to the plaintiff, P. W. Coleman,
upon the sole grounds that he was illiterate, and did not read
the deed of trust he was giving at the time he did so. There

is no allegation in the cross-bill or testimony to support it, if there was, that Waters, in procuring the execution of the note of $38, and the deed of trust to secure it, was guilty of any fraud or imposition upon the defendant. He was *sui juris,* and is bound by his contract. Campbell v. Van Houten, 44 Mo. App. 231; Gwin v. Waggoner, 98 Mo. 315. (2) The testimony is clear, cogent and convincing, not only that defendant executed the deed of trust under which plaintiffs claim, but that he fully understood it, and willingly did so to avoid a law suit about the title to the land, to clear it of the sale under execution for taxes and for money to pay off and discharge further tax liens thereon, which deed of trust and its foreclosure and purchase by Waters and the deed from him to plaintiff, P. W. Coleman, clearly vested the legal title in her, and defendants' answer and cross-bill is predicated upon the theory (if any) that the legal title is so vested, but that the deception and fraud practiced by Waters, plaintiff's grantor, and plaintiffs having acquired their title for a nominal consideration, raises a resulting trust in plaintiffs, in defendant's favor; to accomplish that result the proof must be clear, cogent and convincing that the execution of the deed of trust by defendant was procured by fraud and imposition on the part of plaintiffs, or Waters, under whom they claim. Johnson v. Quarles, 46 Mo. 425; Rogers v. Rogers, 87 Mo. 259; Jackson v. Woods, 88 Mo. 76; Forrester v. Scovelle, 51 Mo. 268.

BRACE, P. J.—This is an action in ejectment for a 120 acre tract of land in Douglas county described in the petition, which is in the usual form. The plaintiffs are husband and wife. The defendant is the common source of title. The answer to the petition is as follows:

"Defendant for answer to plaintiff's petition says that plaintiff claims title to the land sued for under and

Coleman v. Hicks.

by virtue of a sale under judgment for back taxes. That at the March term, 1894, of this court, George B. Waters bought said land at sheriff's sale, under said judgment for back taxes, and that afterwards said Waters sold said land to plaintiff for a nominal consideration, executing a quitclaim deed therefor. That at the time of the rendition of such judgment and at said sheriff's sale and long prior thereto, the said Geo. B. Waters was tax attorney for said county. That the plaintiff, D. M. Coleman, is an attorney-at-law, residing and practicing his profession in said county. That defendant has owned and resided on said land since the year 1859. That the same is of the value of two thousand dollars. That defendant is wholly without education, being unable to read or write. That said suit for back taxes was instituted against defendant at the September term, 1893, of this court, for the taxes due on said land for the year 1891. That defendant had paid said taxes for 1891, and had then and now has a receipt for the collection of taxes therefor. That having said receipt he did not understand or know that he should attend court and defend said suit. That without his knowledge, judgment was taken and said land sold. That after said sale and purchase by said Waters, as aforesaid, the said Waters then notified defendant that he had purchased said land at said sale. That said Waters purchased such land for the sum of $6. That defendant saw said Waters in regard to settling with him and clearing his land of all claims so had against it. That the said Waters agreed to take the sum of $38 and quitclaim to defendant. That defendant therefor, executed to said Waters, as he understood it, a note for that sum. That defendant afterwards learned that said Waters claimed that the defendant had executed a deed of trust for said amount. That defendant was not asked or requested to execute to said Waters a deed of

Vol. 158 mo—24

trust or any other lien on said land, and no such fact was ever mentioned or talked of between said Waters and defendant. That he learned that said Waters was going to sell said land for said amount, and that on said day of sale, he came to Ava to pay off said note, and on arriving there in the forenoon of said day he called on said Waters to pay off such demand of whatever nature it might be, but said Waters informed defendant that he was too late, that he had just sold the land and bought it in. That said Waters thereafter conveyed said land to plaintiff by quitclaim. And if for any consideration, only nominal. Defendant therefore prays the court to set aside and hold for naught all such deeds and instruments aforesaid as may affect defendant's title and in any way cast a cloud thereon, and for all other proper relief."

The case was tried as if issue had been joined on the answer, by the court without a jury.

The plaintiffs to support their claim of title read in evidence: a deed of trust dated January 14, 1894, duly executed and acknowledged by the defendant John Hicks, conveying the premises to William F. Reynolds in trust to secure the payment of a note of the said Hicks of the same date for the sum of $38 with eight per cent interest from date, due October 1, 1894: a deed duly executed and acknowledged by William D. Hancock, sheriff of Douglas county, acting trustee under the deed of trust aforesaid, dated April 2, 1895, conveying the premises to George B. Waters, in pursuance of a sale made in execution of the power conferred by said deed of trust; and a quitclaim deed duly executed by the said George B. Waters and wife dated May 6, 1895, conveying the premises to plaintiff P. W. Coleman. This was the chain of title under which plaintiffs claimed, and the only one under which they did claim. They made none under a tax sale as alleged in the answer. On the con-

trary it appeared from the evidence that the title acquired at that sale by Waters, who purchased, was conveyed to the defendant in consideration of the note for $38, the execution of which was admitted by the defendant, and which the deed of trust under which plaintiffs did claim, was given to secure. And although the deed of trust was regularly foreclosed, and by the weight of the evidence it appeared, and the court found, that the deed of trust was also in fact executed by the defendant, yet the court by its decree annulled a tax deed which was not in issue or evidence, and under which plaintiffs did not claim, set aside the deed of trust, the trustee's deed, and the deed from Waters to Coleman, all of which were for a valuable consideration, and free from fraud, and then as if to do some sort of rough justice rendered judgment for the plaintiffs for $35 with 6 per cent interest from May, 1895, and charged the same as a lien upon the land.  Counsel for respondent have filed no brief in support of this decree.  In the facts disclosed by the evidence, and found by the court, we have been unable to discover any equity of the defendant to defeat the plaintiffs' legal title, or any ground upon which the decree can be sustained.  On the evidence the plaintiffs should have had judgment for the possession of the premises, and that the case may be so disposed of, the judgment and decree of the circuit court is reversed and the cause remanded with directions, that after the amount of the rents and profits has been determined, by proper inquiry, judgment be entered accordingly.

All concur.